# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANCE OLDRIDGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:21-cv-01284-EFM-KGG |
| ) | |
| CITY OF WICHITA, KANSAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants' Motion to Stay Discovery should be denied. As explained in Plaintiff's response to Defendants' Motion for Summary Judgment, Plaintiff has identified a number of specific subjects for discovery needed in this case. Any delay in such discovery is likely to lead to delays in this case down the road.

Defendants cite *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) as a basis for their motion. But the factors do not clearly apply. As for the likelihood of summary judgment, plaintiff relies on his Memorandum in Opposition. As to the consideration of potential immunity, that is of minimal significance here. The various individual defendants here, who potentially could have qualified immunity, are all being defended by lawyers for the City. Thus, any burden on those individuals from discovery is minimal.

Defendants cite *Burch v. State of Kansas*, 2022 WL 539101 (D. Kan. 2022) as authority for the proposition that a Court may grant a motion to stay even with a dispositive motion pending. But hat case was a very unusual case against appellate judges, who benefit from absolute immunity. Such is not the case here.

1

This case involves legitimate claims against both individual defendants, who are entitled to pursue qualified immunity, and the City, which cannot do so. Further, Plaintiff has raised legitimate Title VII and KAAD claims against the City, which should proceed. Plaintiff filed a Rule 56(d) declaration with his opposition explaining why discovery is necessary. As the individual defendants have already filed their motions for summary judgment, any appeal from a denial of qualified immunity would be unlikely to succeed as it would be based on disputed issues of material fact  (as opposed to a disposition based solely on allegations in a complaint).

Defendants are already represented by the same law firm, which can protect the interests of the individual defendants as the matter proceeds, even if those defendants ultimately appeal any respective denial of qualified immunity.

For these reasons, Defendants' Motion to Stay Discovery should be denied.

Dated: July 6, 2022.

SUBMITTED BY:

GRAYBILL & HAZLEWOOD, LLC

/s/ Sean McGivern
Donald N. Peterson, II, #13805
Sean M. McGivern, #22932
218 N. Mosley St.
Wichita, KS 67202
Telephone: (316) 266-4058
Fax: (316) 462-5566
don@graybillhazlewood.com
sean@graybillhazlewood.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2022, the above and forgoing *Plaintiff's Opposition to Defendant's Motion to Stay Discovery* was electronically filed with the Clerk using the CM/ECF system, which will send notice of electronic filing to the following:

Jennifer M. Hill, #21213
jhill@mcdonaldtinker.com
Edward L. Keeley, #09771
ekeeley@mcdonaldtinker.com
MCDONALD TINKER PA
300 W. Douglas, Ste. 500
Wichita, KS 67202
Phone: (316) 263-5851
Fax: (316) 263-4677
*Attorneys for Defendants*

        /s/ Sean McGivern
        Donald N. Peterson, II, #13805
        Sean M. McGivern, #22932