IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANCE OLDRIDGE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 21-1284-EFM-KGG |
| | ) |
| CITY OF WICHITA, KANSAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER DENYING
## MOTION TO STAY DISCOVERY

Now before the Court is Defendants' "Motion to Stay Discovery." (Doc. 35.) For the reasons set forth herein, Defendants' motion is **DENIED**.

### FACTUAL BACKGROUND

This present case is an employment and civil rights case where Plaintiff alleges that Defendants unlawfully terminated him and that Defendants violated his First and Fourteenth Amendment rights. (Doc. 18.) Plaintiff brings his unlawful termination claims under Title VII of the Civil Rights Act of 1964 and brings his Constitutional right violation claims under 42 U.S.C. §1983.

Defendants initially filed a Motion to Dismiss on March 8, 2022. (Docs. 13, 14.) Therein, Defendants argued that Defendants Ramsay, Givens, Salcido, Hatter, and Layton are entitled to qualified immunity, no plausible §1983 claim had been alleged against Defendant City of Wichita, and that Plaintiff failed to state a viable cause of action for a violation of Title VII and the Kansas Act Against Discrimination. (*See*

*generally* Doc. 14.)  Thereafter, Plaintiff filed an Amended Complaint.  (Doc. 18.)  The District Court subsequently denied Defendants' Motion to Dismiss as moot by text entry. (Doc. 20.)

After several motions for extensions of time to respond to the Amended Complaint, Defendants filed their Motion for Summary Judgment on May 25, 2022. (Docs. 31, 32.)  Therein, the Defendants argue that Plaintiff lacks a viable §1983 cause of action and that the individual Defendants are entitled to qualified immunity regarding the §1983 claims.  (*See generally* Doc. 32.)

Defendants subsequently filed the present Motion to Stay Discovery pending a decision from the District Court on their Motion for Summary Judgment.  (Doc. 35.) Defendants pose three arguments for staying discovery.  First, they argue that summary judgment would likely conclude the case.  (*Id*., at 2.)  Secondly, they argue that even if summary judgment does not conclude the case, it would substantially limit the scope of Plaintiff's claims making discovery on all issues would be wasteful and burdensome. (*Id*., at 3.)  Lastly, all individual Defendants have raised qualified immunity as a basis for summary judgment on Plaintiff's §1983 claims.  (*Id.*)

In response, Plaintiff first argues that there are several specific pieces of discovery necessary for this case and that delaying discovery on these issues will likely delay the case.  (Doc. 48, at 1.)  He continues that there is a low likelihood of summary judgment and that the consideration of potential immunity is of minimal significance.  (*Id.*) Plaintiff reasons that immunity is of minimal significance because all Defendants are

represented by lawyers for the City and, therefore, the burden immunity is meant to prevent would be minimal.  (*Id.*)

## ANALYSIS

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."  ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398 at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.3d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).  The Tenth Circuit has concluded, however, that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983).  The District of Kansas thus generally disfavors staying discovery on the basis that a ruling on a dispositive motion is pending.  ***McCoy***, 2007 WL 2071770, at *2; *see also* ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994).

Despite the disfavor for staying discovery, several exceptions exist to this policy. A stay may be appropriate when "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."  ***Arnold v. City of Olathe, Kan.***, No. 18-2703-CM-JPO, 2019 WL 2438677, at 2* (D. Kan. Mar. 8, 2019); ***Toney***, 2018 WL 5830398, at *1; ***Citizens for Objective Public Educ., Inc. v. Kansas State Bd. Of Educ.***, No. 13-4119-KHV, 2013 WL 6728323, *1 (D. Kan. Dec. 19, 2013); ***Kutilek v. Gannon***, 132 F.R.D. 296, 297-98

(D. Kan. 1990). Even if a stay may be appropriate under the above exceptions, the stay must not preclude a party from discovery on matters bearing on the dispositive motion. **Wolf v. U.S.**, 157 F.R.D. at 495.

As discussed above, Defendants argue that discovery in this case should be stayed pending the District Court's ruling on motion for summary judgment. The individual Defendants have raised qualified immunity as a defense, which is usually an exception to the Court's policy disfavoring a discovery stay. The Court finds, however, that staying discovery in this case would be improper. *See* **Wolf v. U.S.**, 157 F.R.D. at 495.

Plaintiff argues that the present case

> involves legitimate claims against both individual defendants, who are entitled to pursue qualified immunity, and the City, which cannot do so. Further, Plaintiff has raised legitimate Title VII and KAAD claims against the City, which should proceed. Plaintiff filed a Rule 56(d) declaration with his opposition explaining why discovery is necessary. As the individual defendants have already filed their motions for summary judgment, any appeal from a denial of qualified immunity would be unlikely to succeed as it would be based on disputed issues of material fact (as opposed to a disposition based solely on allegations in a complaint).

(Doc. 48, at 2.) Although moving for summary judgment before the commencement of discovery is certainly allowed under the Rules of Civil Procedure, this course of action is somewhat unusual. Defendants have cited various pieces of evidence as exhibits in support of their dispositive motion. (*See* Docs. 32-1 through 32-19.) In response to summary judgment, Plaintiff's counsel has identified various avenues of discovery that are potentially relevant to the dispositive issues facing the District Court. (*See generally* Doc. 47-2.) Staying discovery at this point would thus prevent Plaintiffs from having a

sufficient opportunity to counter Defendants' evidence and qualified immunity defenses.[1] Defendants' motion to stay (Doc. 35) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery pending the District Court's ruling on Defendants' dispositive motion (Doc. 35) is **DENIED**.

IT IS SO ORDERED.

Dated this 9th day of August, 2022, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE

---

[1] Of course, if the District Judge decides that the current dispositive motion should be granted without additional discovery, this motion would become moot.