IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE OLDRIDGE,

    *Plaintiff,*

vs.

CITY OF WICHITA, KANSAS; ROBERT LAYTON; GORDON RAMSAY; WANDA GIVENS; JOSE SALCIDO; and ANNA HATTER,

    *Defendants.*

Case No. 21-1284-EFM

**MEMORANDUM AND ORDER**

Plaintiff Lance Oldridge has sued Defendant City of Wichita and individual Defendants five present or former officers of the City's Police Department for retaliation and discrimination. Defendants have moved for summary judgment, arguing both that Plaintiff has no viable action under 42 U.S.C. § 1983, and that they are protected by qualified immunity.

Defendants also moved to stay discovery pending the resolution of their summary judgment motion. The Magistrate Judge denied the motion to stay, and Defendants have appealed the denial under Fed. R. Civ. 72(a).

The Court grants the appeal, finding that relief under Rule 72(a)[1] is appropriate on the merits. The Magistrate Judge's decision rests on the general rule against stays pending the resolution of dispositive matters. Although the decision notes that Defendants have advanced the defense of qualified immunity, it did not consider how the doctrine might affect the granting of a stay, and the only authority cited in potential connection with that defense is a 1994 case[2] which does not mention qualified immunity.

"Immunity from suit is a broad protection that grants government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery."[3] As a result, defendants are "generally entitled to have immunity questions resolved before being required to engage in discovery."[4] In such cases, a stay is the rule rather than the exception.[5] The Tenth Circuit has held that delaying a resolution of a immunity defense until discovery is completed is an abuse of discretion.[6]

The Magistrate Judge's decision did not address the specific features of the present action which counsel in favor of a stay. Considering the defenses raised by Defendants, the Court determines that a brief stay of discovery while it addresses their Motion for Summary Judgment advances the interests of justice.

---

[1] Fed. R. Civ. P. 72(a) (for nondispositive orders by a Magistrate Judge, the district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law").

[2] *Wolf v. United States*, 157 F.R.D. 494 (D. Kan. 1994).

[3] *Kehler v. Ward*, 2022 WL 6993001, at *2 (D. Kan. 2022) (citations and internal quotations omitted).

[4] *Id.* (citation omitted). *See also Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004).

[5] *See Joritz v. Univ. of Kan.*, 2019 WL 13140825, at *2 (D. Kan. 2019) (collecting cases on the frequency of discovery stays while the issue of qualified immunity is resolved).

[6] *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

**IT IS ACCORDINGLY ORDERED** that Defendants' Appeal (Doc. 71) and Motion to Set Aside (Doc. 70) are hereby granted; discovery in the action is hereby stayed pending resolution of Defendants' dispositive motion.

**IT IS SO ORDERED**.

Dated this 27th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE