## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LANCE OLDRIDGE,

    *Plaintiff*,

v.

CITY OF WICHITA, KANSAS, ROBERT
LAYTON, and ANNA HATTER,

    *Defendants*.

Case No. 21-1284-EFM

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Lance Oldridge's Motion for Review of Discovery Order (Doc. 142). Plaintiff contends that Magistrate Judge Brooks G. Severson erred in denying his Amended Motion to Compel. For the reasons stated below, the Court affirms the discovery order.

### I.  Factual and Procedural Background[1]

On December 1, 2021, Plaintiff commenced this action against Defendants City of Wichita, Kansas, Robert Layton, Anna Hatter, and other individuals later dismissed from the suit. As the suit stands now, Plaintiff alleges a First Amendment retaliation claim and Title VII and Kansas Act Against Discrimination race discrimination and retaliation claims.

In 2019, a news article was published that included excerpts from a deposition of Gordan Ramsay, Wichita Police Department ("WPD") chief at the time. The excerpts covered his concern for some officers' questionable practices and his subsequent reassignment of those officers. No

---

[1] The facts in this section are taken from the Magistrate Judge's Order and Memorandum.

names were given in the excerpts of Ramsay's deposition, but Plaintiff was an officer that was reassigned. After publication of the article, Ramsay publicly stated that no WPD officer had committed any legal or policy violations.

Plaintiff, upset over Ramsay's apparent contradiction, reported it to the district attorney for prosecution. The district attorney concluded that Ramsay's conduct was not criminal in response to Plaintiff's report. And so, Plaintiff took his case to the sheriff for investigation. But the sheriff also refused to investigate the matter and then told Ramsay of Plaintiff's allegations.

Ramsay referred Plaintiff's behavior to his deputies Wanda Givens, Jose Salcido, and Defendant Hatter. After their investigation, Hatter recommended firing Plaintiff, and the city manager, Defendant Layton, approved that recommendation. The stated reasons for Plaintiff's termination were his derogatory and debasing statements about the chief to his coworkers, dishonesty, and breach of a confidentiality agreement.

This case has a lengthy procedural history, but now Plaintiff seeks to compel discovery on requests for production ("RFPs") 16, 17, 18, 19, 21, 23, and 29 as contained in Exhibit A of the Amended Motion to Compel. Magistrate Judge Severson denied these requests for their overbreadth and irrelevance, but Plaintiff disputes the ruling and seeks its review.

## II.    Legal Standard

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[2] "To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong."[3] The Court does not conduct a de novo review when reviewing factual findings

---

[2] 28 U.S.C. § 636(b)(1)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir.2000); Fed. R. Civ. P. 72(a).

[3] *Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 236 (7th Cir. 1988).

but applies a more deferential standard that requires the moving party to show that the magistrate judge's order is clearly erroneous.[4] In contrast, the "contrary to law" standard permits independent review of legal matters.[5] But because a magistrate judge has broad discretion in resolving non-dispositive discovery matters, the Court is required to affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[6]

### III.    Analysis

#### A.    RFPs 19 & 23

The Magistrate Judge denied Plaintiff's motion to compel RFPs 19 and 23 because of their overbreadth. RFP 19 requests "all documents related to any investigation" concerning 22 individuals. And RFP 23 requests "documents related to any suspensions, discipline, counseling, warnings, terminations, and/or promotions" for the same 22 individuals. The Magistrate Judge reasoned that the requests are facially overbroad, because they "are not narrowly tailored, contain no temporal limitation, and make no attempt to limit" the documents that Plaintiff seeks. The Magistrate Judge relies on *Sonnino v. Univ. of Kan. Hosp. Auth.*[7] in holding that these RFPs are overbroad; Plaintiff contends that *Sonnino* supports his motion to compel.

In *Sonnino*, that Magistrate Judge explained that "omnibus terms"—like "relating to" and "concerning"—usually render an RFP facially overbroad.[8] However, as *Sonnino* elaborates, when

---

[4] *See Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[5] *McCormick v. City of Lawrence*, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

[6] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (holding that district courts generally defer to the magistrate judge and overrule orders only for a clear abuse of discretion).

[7] 221 F.R.D. 661 (D. Kan. 2004).

[8] *Id*. at 667 (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003)).

an omnibus term "modifies a specific type of document or specific event, rather than a large category or all documents or events, the request is not deemed overly broad on its face."[9] Plaintiff contends that these RFPs are limited to the 22 individuals he names rather than all documents related to any investigation. However, even with that stated limitation, one could determine, without clear error or contrariety to the law, that these RFPs are requests of an improperly "large category" of documents instead of a sufficiently "specific type" of document. As such, the Court affirms the Magistrate Judge's denial of Plaintiff's motion to compel as it relates to RFPs 19 and 23.

**B.      RFPs 11, 16, 17, 18, 21 & 29**

RFPs 11, 16, 17, 18, 21, and 29 are Plaintiff's attempts at discovering information about his proposed comparators. Because Plaintiff is alleging discrimination claims, he can prevail by proposing comparators.[10] Plaintiffs can use an employer's disparate treatment between comparators to establish pretext in a discrimination case.[11] Here, the Magistrate Judge held these attempts at gathering comparator information as irrelevant and thus not discoverable. Plaintiff contests the rulings as to each RFP.

A comparator is an individual that is similarly situated to the plaintiff.[12] "Individuals are considered 'similarly[ ]situated' when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of

---

[9] *Id.* at 667-68 (citing *W. Res., Inc. v. Union Pac. R.R. Co.*, 2001 WL 1718368, at *3).

[10] *Swackhammer v. Sprint/United Management Co.*, 493 F.3d 1160, 1167-68 (10th Cir. 2007) (citing *Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000)).

[11] *Id.*

[12] *Id.*

'comparable seriousness.'"[13] The test for a proposed comparator's conduct is not whether the conduct itself is comparable to the plaintiff's, but whether the seriousness of the conduct is comparable.[14]

When a request appears irrelevant, the requesting party must demonstrate its relevance.[15] But when a request appears relevant, the opposing party must demonstrate its irrelevance.[16] Relevance should be broadly construed in favor of plaintiffs.[17] In fact, "[a] request for discovery should be considered relevant if there is any possibility the information sought may be relevant to any issue in the case and discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."[18] Therefore, if the proper party demonstrates that any of the requests have any possible bearing on establishing a comparator, then the Court must allow them.

The instant ruling only held the proposed comparators as irrelevant because of a lack of comparable seriousness, so the Court will only analyze the comparable seriousness of their conduct. Therefore, the question is: whether the Magistrate Judge could determine a lack of comparable seriousness between the Plaintiff's and the proposed comparators' conduct without clear error or contrariety to the law. As each RFP is directed at an individual, the Court will analyze each individual in turn.

---

[13] *EEOC v. PVNF, LLC*, 487 F.3d 790, 801 (10th Cir. 2007) (citing *McGown v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006)).

[14] *Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 (10th Cir. 1995) (citing *EEOC v. Flasher Co.*, 986 F.2d 1312, 1316 (10th Cir. 1992)).

[15] *Booth v. Davis*, 2011 WL 2008284 at *6 (D. Kan. 2011) (citation omitted).

[16] *Id.*

[17] *Id.*

[18] *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 336, 341 (D. Kan. 1991) (citation omitted).

In RFP 11, Plaintiff requests information related to Tim Relph. Relph allegedly struck a pedestrian with his car, made inconsistent statements about the incident, and was not fired. The relevance of files about the car accident are not apparent. And Plaintiff does not explain how the car accident would be of comparable seriousness to his situation. And while the inconsistent statements may be relevant, Plaintiff acknowledges that no investigations were made as to the alleged inconsistent statements, so Defendants have nothing to turn over. For these reasons, the Court affirms the Magistrate Judge as to RFP 11.

In RFPs 16, 17, and 18, Plaintiff seeks information related to Bret Huhman. Huhman allegedly battered his neighbor and was not fired. The relevance to Plaintiff's situation is not apparent. But to demonstrate relevance, Plaintiff asserts that any proposed comparator's conduct that is "more severe" than a plaintiff's is also comparably serious and therefore relevant. However, Plaintiff fails to cite any Supreme Court or Tenth Circuit authority that deems more severe conduct as comparably serious. Therefore, the Court cannot say that the Magistrate Judge had any clear error or that her finding was contrary to the law. As such, the Court affirms the Magistrate Judge as to RFPs 16, 17, and 18.

In RFP 21, Plaintiff seeks information related to Bryan Martin. Martin allegedly "beat up" a suspect and was not fired. Like with Bret Huhman, the relevance here is not apparent, and Plaintiff does not adequately demonstrate how the alleged conduct is comparably serious. For that reason, the Court affirms the Magistrate Judge as to RFP 21.

In RFP 29, Plaintiff seeks information related to Wendel Nicholson. Nicholson apparently lied on a job application for a promotion in the WPD and was not fired. According to the Defendants, Nicholson mistakenly thought a question on the application asked whether he would have one year of relevant experience at the time of promotion; instead, it asked for relevant

experience at the time of the application's submission. Although this request seeks information related to alleged dishonesty and may be a closer call, the Magistrate Judge appropriately took account of all of the relevant circumstances of this request in finding this not to constitute a relevant comparator. This instance of supposed dishonesty is not close to the severity of Plaintiff's conduct. As such, the Court affirms the Magistrate Judge as to RFP 29.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Memorandum and Order (Doc. 142) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. 158) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated this 5th day of August, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE