UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE OLDRIDGE,

        Plaintiff,

        v.

CITY OF WICHITA, et al.,

        Defendants.

Case No. 21-1284-EFM-BGS

## MEMORANDUM AND ORDER DENYING
## MOTION TO EXTEND DEPOSITION TIME

This matter comes before the Court on Defendants Robert Layton, Anna Hatter, and The City of Wichita's (hereinafter "Defendants") motion for leave to extend time to take Plaintiff's deposition. Doc. 182. Defendants request an order granting leave to extend the time for taking Plaintiff's deposition by an additional hour. Plaintiff opposes the motion arguing that he has already submitted for his deposition for a total of 7 hours and 45 minutes over the course of two days, and requesting additional time is "unfair and unnecessary." Doc. 183. For the reasons set forth below, Defendants' motion is denied.

### I. Background Facts

The background of this case has been extensively recounted numerous times by the undersigned, the presiding District Judge, and the Tenth Circuit. *See* Docs. 78, 105, 142, and 181. For that reason, there is no need for the Court to repeat the well-documented background facts herein. Thus, the Court will only recite the facts necessary to resolve the dispute.

The current claims in the case are as follows: (1) First Amendment retaliation claim against the City, Hatter, and Layton; (2) race discrimination claim against the City; and (3) a retaliation claim arising out of Plaintiff's wife's discrimination complaint and following lawsuit.

A scheduling order was entered on July 30, 2024. Doc. 110. The parties agreed to time limits for depositions which the Court incorporated into the scheduling order. The duration of depositions was limited "to 4 hours except for the deposition(s) of the parties and experts, which must be limited to seven hours." *Id.*, at 6. The parties took numerous depositions without issue until it came time for Plaintiff's deposition. The deposition itself proceeded without issue, but defense counsel ran into timing issues.

Plaintiff's deposition took place on July 15, 2025, and lasted for the full 7-hours allowed by the scheduling order. *See* Docs. 167; 183, at 2. By agreement of the parties, Plaintiff submitted himself for an additional 45-minutes of deposition time on a second day, for a total of 7 hours and 45 minutes. Thereafter, Defendants wanted an additional hour to depose the Plaintiff, to which he objected. The parties raised this issue with the Court and participated in a pre-motion conference on July 29, 2025. Unfortunately, the parties were unable to resolve the dispute, and Defendants filed their motion to extend Plaintiff's deposition time on August 8, 2025. The briefing is ripe, and the Court is prepared to rule.

## II.     Legal Standard

Federal Rule of Civil Procedure 30(d)(1) limits the duration of a deposition to seven hours, unless otherwise stipulated or ordered by the court. The scheduling order in this case reflects the 7-hour limit. Rule 30(d)(1) also states that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Rule 26(b)(2)(A) provides, "the court may alter the limits in these rules on the . . . length of depositions under Rule 30."

The advisory committee notes to the 2000 Amendments to Rule 30(d)(1) contemplate requests for extension of seven hours for deposition and provides that "[t]he party seeking a court

order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. The court may consider a number of factors to determine whether good cause exists; among these factors are whether the topic covers a significant period of time, whether the witness will be questioned about numerous or lengthy documents, and if documents were requested but not produced. *George K. Baum Advisors LLC v. Sprint Spectrum, L.P.*, No. 11-2442-JTM, 2013 WL 3166335, at *2 (D. Kan. June 20, 2013).

## III.    Analysis

Defendants primarily advance two main arguments in support of their motion. First, Defendants argue that they had to cover a significant amount of information during Plaintiff's deposition. Second, they argue that Plaintiff's long answers impeded or obstructed the deposition. In support of their arguments, they cite several cases in which other courts have extended the time to conduct depositions. Plaintiff argues that Defendants were already aware of the amount of information they would have to cover when they agreed to the 7-hour limitation and that their cited cases do not support their position.

Defendants first cite to *George K. Baum Advisors LLC v. Sprint Spectrum, L.P.*, No. 11-2442-JTM, 2013 WL 3166335 (D. Kan. June 20, 2013). In *George K. Baum Advisors LLC*, the defendant requested an additional 7 hours of deposition time because (1) the deponent was a key employee of plaintiff whose conduct formed a basis for the claims in the lawsuit; (2) necessary documents were not produced during the deposition; and (3) the deponent gave non-responsive answers that impeded defendant's ability to complete the deposition. *George K. Baum Advisors LLC*, 2013 WL 3166335, at *1. The court granted an additional four hours because critical documents relevant to the deponent's deposition were not produced. *Id.* at *2-3. Likewise, the second case Defendants cite is *Payan v. United Parcel Serv.*, No. 14-00400-CW-DBP, 2015 WL 3397943 (D. Utah May 26,

2015) (unpublished). There, the defendants requested an additional 7 hours to depose the plaintiff "because the examination will cover events spanning four years and the case includes multiple defendants." *Payan*, 2015 WL 3397943, at *1. The court granted the motion because of "the large quantity of documents produced by Plaintiff" which consisted of over 800 pages of plaintiff's personal notes. *Id.*, at *2.

The third case Defendants cite is *Lassiter v. Hidalgo Med. Servs.*, No. 17-0850 JCH/SMV, 2018 WL 3377707 (D.N.M. July 11, 2018). In *Lassiter*—an unpublished case from the District of New Mexico, the defendants requested an additional 4 hours to conduct a deposition of the plaintiff. *Lassiter*, 2018 WL 3377707, at *1. Notably, in that case, there were two defendants, Hidalgo Medical Services and Dan Otero, who were represented by different counsel. *Id.* Counsel for Hidalgo Medical Services took the lead and did not finish his questioning, while counsel for Otero had no opportunity to question the plaintiff at all. *Id.* The court found additional time was necessary for Otero's counsel to question the plaintiff and because the defendants did not have access to plaintiff's day planner when they initially conducted the deposition, which was an important piece of evidence. *Id.*, at *2-3.

Here, the Court does not find any of the cases analogous to this situation. In *George K. Baum Advisors LLC*, the court rejected many of the arguments advanced by the defendant in that case. It did not find the deponent's relative importance to the matter or evasive answers to be enough to justify extending the deposition time. Instead, the court based its opinion on plaintiff's failure to produce critical documents necessary to the deponent's deposition. *George K. Baum Advisors LLC*, 2013 WL 3166335, at *2-3. The same distinction can be made in *Payan*. The court in *Payan* primarily based its decision on 800-pages of notes produced by the plaintiff and that it was understandable that the defendants wanted clarification. *Payan*, 2015 WL 3397943, at *1. Lastly, the circumstances in *Lassiter* are very different. One of the defendants in *Lassiter* had no opportunity to

4

ask any questions to the plaintiff, and again, there were important documents the defendants did not have in their possession when they began the deposition. *Lassiter*, 2018 WL 3377707, at *2-3.

By contrast, in this case, the Defendants make no showing that Plaintiff failed to produce critical documents or had to pour through 800+ pages of Plaintiff's handwritten notes during the deposition. All Defendants in this case are also represented by the same counsel; therefore, this situation does not elicit the same concerns in *Lassiter* where one party had no opportunity to ask questions. *See* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment (providing examples of situations that may justify granting an extension of the deposition limit such as multi-party cases with different counsel). Parties often times make strategic decisions during depositions such as when to move on from a topic, when to press the deponent, or deciding which questions are truly relevant to the litigation. These types of strategic decisions are not necessarily "good cause" to extend the time to conduct a deposition. Plaintiff's counsel in this case made several decisions throughout the deposition to stay on certain topics and not move on, despite knowing that there was a 7-hour limit.

Further, the Court is also not persuaded that the Plaintiff obstructed his deposition. The Court has reviewed the deposition excerpts provided by the Plaintiff. While Plaintiff may have given long winded answers at times, it is the responsibility of counsel to manage time accordingly. Counsel could have also asked Plaintiff to move on or to answer the question more directly. The answers provided by the Plaintiff do not rise to the level of obstructing the deposition. The Court finds that Defendants' strategic choices during the deposition do not constitute good cause under Rule 30(d)(1) to extend Plaintiff's deposition time beyond the 7 hours and 45 minutes that has already been afforded. Accordingly, Plaintiff's motion is denied.

Lastly, the Court notes that discovery closed on September 12, 2025. *See* Doc. 180. The pretrial conference was cancelled, and dispositive motion deadline was suspended pending a ruling

on Plaintiff's motion for review. *Id.* That motion has since been denied, and no further document production is ordered. As such, the Court is now in position to reset the pretrial conference and the deadline to submit a proposed pretrial order to the Court. The Pretrial Conference is reset for **October 16, 2025, at 11:00 a.m**. The deadline to submit a proposed pretrial order to the Court is **October 8, 2025**. The dispositive motion deadline is reset for **November 13, 2025**.

**IT IS THEREFORE ORDERED** that Defendants' motion for leave to extend time to take Plaintiff's deposition, Doc. 182, is **DENIED**.

**IT IS FURTHER ORDERED** that the pretrial conference is reset for **October 16, 2025, at 11:00 a.m.** in person at the Wichita federal courthouse in courtroom 406. No later than **October 8, 2025**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*. The dispositive motion deadline is set for **November 13, 2025**.

**IT IS SO ORDERED.**

Dated September 23, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge