IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE OLDRIDGE,

        *Plaintiff,*

v.                                    Case No. 21-1284-EFM

CITY OF WICHITA, KANSAS, et al.,

        *Defendants.*

## MEMORANDUM AND ORDER

Defendants the City of Wichita, Robert Layton, and Anna Hatter filed a Motion to Seal or Redact (Doc. 216) several of Plaintiff Lance Oldridge's exhibits attached in support of his Memorandum in Opposition (Doc. 222) to Defendants' Motion for Summary Judgment (Doc. 199). Plaintiff opposes the motion. For the reasons stated herein, the Court grants Defendants' motion.

## I.      Factual and Procedural Background[1]

Plaintiff sued Defendants after he was dismissed from the Wichita Police Department ("WPD") in April 2021. He brings First Amendment retaliation, race discrimination, and retaliation claims. His claims arise out of complaints he made about the WPD Chief of Police to various entities, including the Sedgwick County District Attorney and the Sedgwick County Sheriff. Prior to his dismissal, Plaintiff had been employed by the WPD for more than 20 years.

---

[1] The facts of this case have been detailed in previous orders. *See Oldridge v. Layton*, 2024 WL 1928842, at *1–2 (10th Cir. May 2, 2024); *Oldridge v. City of Wichita*, 2022 WL 17338334, at *1–4 (D. Kan. Nov. 30, 2022). Accordingly, the Court will summarily recite them here.

Defendants filed a motion for summary judgment on all of Plaintiff's claims. In opposing that motion, Plaintiff attached six exhibits that are subject to a protective order issued by this Court (Doc. 113).

## II.    Legal Standard

Federal courts have long recognized a common law right of access to judicial records.[2] This right, however, is not absolute.[3] "The presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public's interest in access."[4] The burden is on the party seeking to seal or redact the information to identify a significant interest that outweighs the presumption.[5]

## III.    Analysis

The exhibits that Plaintiff seeks to attach to his Memorandum in Opposition to Defendants' Motion for Summary Judgment include several internal investigative files and reports related to other WPD officers, a *Brady*/*Giglio* report internal to WPD, and a letter from Plaintiff to Defendant Layton complaining of misconduct within WPD.

Defendants seek to seal these documents because they contain confidential employment, disciplinary, and personnel information related to current and former WPD employees. These current and former employees are third-party, non-defendants. Defendants contend that the *Brady/Giglio* report is especially sensitive because it may affect some officers' future employment

---

[2] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted).

[3] *Id.*

[4] *Id.* (internal quotation marks and citation omitted).

[5] *Id.*

opportunities. Further, the City contends that it is bound to maintain these records in a confidential manner pursuant to its collective bargaining agreement with the Fraternal Order of Police.

Plaintiff opposes sealing these documents for two reasons. First, Plaintiff argues that the public's interest in these matters outweighs the concerns articulated by Defendants. He argues that the documents contain matters of public concern—namely government misconduct. Second, Plaintiff alleges that the investigations and reports offer useful comparator data relevant to advance his race discrimination claim.

The Court will first address the letter from Plaintiff. Defendants point out that this same document was filed as an exhibit in support of their Motion for Summary Judgment. Defendants redacted the names of the non-parties to protect the confidentiality of former employees.[6] The Court finds that the manner in which Defendant's have filed this document—redacting the names of non-parties—appropriately balances the public's right to access and the confidential nature of information. As such, the Court grants Defendant's motion to seal Plaintiff's Exhibit 70 in its current form but invites Plaintiff to refile a version consistent with Defendants' redactions.

Next, the Court will address the internal investigations and reports. Starting with Plaintiff's contention that the public has an interest in knowing about government misconduct, these reports, at best, peripherally relate to the government misconduct upon which Plaintiff's claim is premised: First Amendment retaliation for "(i) 2014 emails over the Ebola issue; and (ii) [Plaintiff]'s reports to the Sheriff and District Attorney about Ramsay's testimony in the *Finch* matter."[7] Upon the Court's review, the internal investigative reports into non-defendant WPD officers have no bearing on this claim. Turning to Plaintiff's argument that the reports contain useful comparator data to

---

[6] Doc. 200-20.

[7] Pretrial Order, Doc. 198, at 24.

support his race discrimination claim, Plaintiff asserts that other non-white WPD officers were accused of misconduct, subject to investigation, but were not dismissed. Defendants dispute that these other officers serve as useful comparators to advance Plaintiff's claims of discrimination. But if the other individuals do provide a useful comparator, and Plaintiff's claims advance to trial, absent some other ground to do so, he will not be precluded from presenting the comparator data publicly. Until it is determined that the other officer's are in fact useful comparators, the Court finds that the confidential nature of the documents and the fact that the City is bound to keep these documents confidential outweigh the benefit that public access to these documents may provide at this time.

Finally, Defendants assert that the *Brady/Giglio* report may affect non-party officers' employment opportunities. Plaintiff makes no substantive response to Defendants' assertion. As such, the Court finds that Defendants' have met their burden related to this document.

In sum, Defendants have met their burden demonstrating that the confidential nature of the information contained in the exhibits—largely employment, investigative, and disciplinary documents related to non-parties—outweighs the public's right to access the information.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Seal (Doc. 216) is **GRANTED**. The Provisionally Sealed Document (Doc. 212) shall remain under seal and the clerk is directed to remove the provisional designation from the specified docket entry.

**IT IS SO ORDERED**.

Dated this 12th day of March 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE